UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MALCOLM HETHERINGTON,    )
    )
    Plaintiff    )
    )
    vs.    )    CAUSE NO. 2:11-CV-62 RLM
    )
DEPARTMENT OF CHILD SERVICES,  )
et al.,    )
    )
    Defendants    )

OPINION and ORDER

Malcolm Hetherington's amended complaint alleges that the defendants acted in concert to violate federal and state law during CHINS and custody proceedings involving his daughter in a Lake County, Indiana and/or a Cook County, Illinois state court. Mr. Hetherington claims he has been wrongfully deprived of parentage and fundamental human rights relating to custody of his child. He brings his claims under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments to the United States Constitution and violations of Indiana law.

Defendant Indiana Department of Child Services has filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and defendants Stacy Zembala, LaShaunta Pierce, and Tammie Washington have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mr. Hetherington, who is proceeding *pro se*, was advised of his obligation

to respond to the motions to dismiss and afforded time to do so, but filed no response. More recently, Mr. Hetherington filed a motion for leave to file a second amended complaint, together with a proposed complaint. The defendants filed an objection to the request to amend, Mr. Hetherington filed a reply, and the motions are all ripe for review.

## I. PLAINTIFF'S MOTION TO AMEND

Mr. Hetherington cites as the basis for his motion to amend Federal Rule of Civil Procedure 20(a)(2), which provides that persons may be joined as defendants if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A) & (B). "In addition to the two requirements of Rule 20(a)(2), the court also considers whether joinder would prejudice any party or result in needless delay." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252 (N.D. Ill. 2011). Mr. Hetherington seeks to join as defendants Deputy Attorney General Laura L. Bowker, who, Mr. Hetherington claims, engaged in misconduct while representing the Indiana Department of Child Services in this action, and Lake County (Indiana) Magistrate Glenn Commons, who presided over the state court proceedings at issue in this case. According to Mr. Hetherington, "[b]oth defendants have committed themselves to misconduct that helped the conspiracy to deprive plaintiff custody."

Mr. Hetherington says in his reply brief that he "is dismissing his complaint against Laura Bowker." Reply, at 6. Even if Mr. Hetherington hadn't withdrawn his proposed claims against Ms. Bowker, joinder wouldn't have been proper. Rule 20(a)(2) specifies that joinder of defendants is proper only when there are common questions of law or fact and a shared transaction or occurrence or a series of transactions or occurrences. Mr. Hetherington's proposed claims against Ms. Bowker don't allege the existence of any common questions of law or fact or that any shared transaction or occurrence exists. He claims Ms. Bowker violated Rule 8.4 of the Indiana Rules of Professional Conduct by not including "her own testimony done in another federal court in Chicago, Illinois" in the answer she filed on behalf of the Indiana Department of Child Services in this action. That allegation doesn't suggest any questions of law or fact common to other claims in the amended complaint or that Ms. Bowker engaged in any transaction or occurrence with any of the other defendants. The court will grant Mr. Hetherington's request to withdraw his proposed claims against Ms. Bowker.

Mr. Hetherington confirms in his reply brief that he's seeking leave to add Magistrate Glenn Commons as a defendant. Leave to amend a complaint generally should be liberally granted, but leave to amend should be denied when the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008) (court must examine an amended complaint "to see whether filing it would be an exercise in futility"). Mr. Hetherington's proposed claims against Magistrate Commons relate to actions or

inactions undertaken by the state court magistrate in his official capacity and, so, are barred by judicial immunity. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980); <u>Agrawal v. Pallmeyer</u>, 313 Fed. App'x 866, 867 (7th Cir. 2009) (judicial immunity "protects judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making"); <u>Loubser v. Thacker</u>, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; she is complaining about their judicial conduct, and they have absolute immunity from such damages claims."). Because Mr. Hetherington's claims for money damages against Magistrate Commons are barred, the proposed amendment would be futile and his request to join the judge as a defendant will be denied.

Based on the denial of Mr. Hetherington's motion to file a second amended complaint, the defendants' motions to dismiss and for judgment on the pleadings relating to the claims of the first amended complaint are addressed below.

## II. DEFENDANTS' MOTIONS

The defendants have moved to dismiss Mr. Hetherington's amended complaint under Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal of complaints that state no actionable claim, and Federal Rule of Civil Procedure 12(c), which allows a party to move for judgment after both the complaint and answer have been filed. The same standard of review is employed for motions brought under Rules 12(b)(6) and 12(c): the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor

of the plaintiff without engaging in fact-finding, <u>Reger Dev., LLC v. National City Bank</u>, 592 F.3d 759, 763 (7th Cir. 2010), and dismiss the complaint "only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." <u>Moss v. Martin</u>, 473 F.3d 694, 698 (7th Cir. 2007).

The defendants move for dismissal of the amended complaint on a number of grounds: the allegations of the complaint don't comply with Federal Rule of Civil Procedure 8(a)(2) and are insufficient to put them on notice of his claims; the claims are barred by the <u>Rooker-Feldman</u> doctrine[1]; as a state agency and state officials, they are entitled to immunity under Eleventh Amendment and aren't subject to suit under 42 U.S.C. § 1983; defendants Zembala, Pierce, and Washington are entitled to qualified immunity under federal law, absolute immunity under Indiana law, quasi-judicial immunity for actions taken pursuant to judicial orders, and prosecutorial absolute immunity for their actions in initiating and/or presenting the custody case to the state court; the allegations of the amended complaint are insufficient to state a claim for conspiracy under 42 U.S.C. § 1983; and Mr. Hetherington's claims are barred for his non-compliance with the Indiana Tort Claims Act, IND. CODE § 34-13-3-1 *et seq.*

The defendants' requests for dismissal based on immunity grounds are governed by Federal Rule of Civil Procedure 12(b)(1), which authorizes dismissal

---

[1] *See generally* <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotations and citation omitted). A federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975) ("[T]he threshold question in every federal case [is] determining the power of the court to entertain the suit."); Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case."). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum, L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if it concludes there is no jurisdiction. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

*A. Eleventh Amendment Immunity*

The defendants assert that Mr. Hetherington's claims against them are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (internal quotation and citations omitted); *see also* Puerto Rico Aqueduct & Sewer Auth. v. Metcalf, 506 U.S. 139, 146 n.5 (1993) ("The Eleventh Amendment is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued."). Suits against state agencies, like the Indiana Department of Child Services, are also barred by the Eleventh Amendment. Indiana Protection & Advocacy Servs. v. Indiana Family & Social Servs. Admin., 603 F.3d 365, 370 (7th Cir. 2010).[2]

Congress hasn't eliminated the states' Eleventh Amendment immunity in suits brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 341-345 (1979). 42 U.S.C. § 1983 provides that "[e]very person who, under color of . . . [law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[2] While there are exceptions to Eleventh Amendment immunity, Mr. Hetherington hasn't alleged or argued that any of them apply here. *See* Tennessee v. Lane, 541 U.S. 509, 517-518 (2004); Quern v. Jordan, 440 U.S. 332, 344-345 (1979); Indiana Protection & Advocacy Servs. v. Indiana Family & Social Servs. Admin., 603 F.3d 365, 371 (7th Cir. 2010).

injured in an action at law." Because Congress didn't intend for Section 1983 to disturb states' Eleventh Amendment immunity, states are not "persons" liable for money damages under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). This principle extends to governmental entities and agencies, like the Indiana Department of Child Services, that are considered to be "arms of the state," Will v. Michigan Dep't of State Police, 491 U.S. at 70; *see also* IND. CODE § 31-25-1-1 (establishing Indiana's Department of Child Services and providing that its director "serves at the pleasure of the governor"), and to state officials, like Department of Child Services caseworkers Zembala, Pierce, and Washington, sued for money damages based on actions taken in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. at 71; Indiana Protection and Advocacy Servs. v. Indiana Family and Social Servs. Admin., 603 F.3d 365, 370 (7th Cir. 2010) (The Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities."); Rangel v. Reynolds, 607 F. Supp.2d 911, 921 (N.D. Ind. 2009) ("as an employee of the DCS, Ms. Rangel is not a 'person' subject to liability under § 1983").

The court dismisses Mr. Hetherington's claims against the Department of Child Services in their entirety, and dismisses his official capacity claims against defendants Zembala, Pierce, and Washington pursuant to Federal Rule of Civil Procedure 12(b)(1).

*B. Qualified Immunity*

Defendants Zembala, Pierce, and Washington next argue that they are entitled to qualified immunity for any federal claims Mr. Hetherington is trying to assert against them in their individual capacities. The doctrine of qualified immunity protects state employees "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); *see also* Brokaw v. Mercer County, 235 F.3d 1000, 1022 (7th Cir. 2000) ("[B]efore liability will attach, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."). Two questions arise in a qualified immunity analysis, and the court can address them in whatever order the case suggests is best: (1) whether the facts the plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. at 232.

Courts generally agree that because the welfare of a child involves competing interests – the child's liberty interest in family relations and the state's interest in protecting children from abuse – governmental interference with the family should be evaluated on a case-by-case basis. Berman v. Young, 291 F.3d 976, 983-984 (7th Cir. 2002); Brokaw v. Mercer County, 235 F.3d at 1023. "When the facts of the case place it in the center of the continuum where the two interests overlap and create a tension, the right to family integrity may properly

9

be characterized as nebulous, and thus a defendant may claim the protection of qualified immunity." Brokaw v. Mercer County, 235 F.3d at 1023 (*quoting* Morris v. Dearborne, 181 F.3d 657, 671 (5th Cir. 1999)). But no qualified immunity defense exists when the facts of the case suggest the state's interest was negligible. Brokaw v. Mercer County, 235 F.3d at 1023.

Mr. Hetherington's amended complaint doesn't contain allegations sufficient to make out a violation of a constitutional right. His conclusory legal assertions that the defendants "has violated the Plaintiff's Fifth and Fourteenth Amendments" and that they have a duty "under the Indiana Constitution and the United States Constitution to insure that no families, parents, children, or citizens residing in the Sate of Indiana or in the United States are deprived of their life, liberty or property without due process of law," Compl., at 10, are insufficient to state a constitutional violation or allow the court to draw the reasonable inference that Stacey Zembala, LaShaunta Pierce, or Tammie Washington violated any of Mr. Hetherington's constitution rights. *See* Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "[A] complaint stating only 'bare legal conclusions,' even under notice pleading standards, is not enough to survive

a Rule 12(b)(6) motion." <u>Bissessur v. Indiana Univ. Bd. of Trustees</u>, 581 F.3d 599, (7th Cir. 2009) (*citing* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007)).

In addition, the facts alleged by Mr. Hetherington contain no suggestion that the state's interest in this case was negligible: Mr. Hetherington explains that Department of Child Services caseworkers first became involved with his daughter six days after her birth when caseworkers learned that the baby and her mother had tested positive for opiates, and the baby was then placed in foster care.[3] After caseworkers arranged for Mr. Hetherington to have supervised visits with his daughter, they received information that he might have molested his daughter's brother, and even though Mr. Hetherington insists the accusation was false, the caseworkers were required by statute to investigate and provide appropriate child protection services.[4] Mr. Hetherington's own allegations about the facts of this case establish that the state's interest in protecting children from abuse was not negligible.

Defendants Zembala, Pierce, and Washington are entitled to qualified immunity on the individual capacity claims of Mr. Hetherington's amended

---

[3] *See* IND. CODE § 31-25-2-7(a) (Department of Child Services is responsible for "(6) regulating and licensing . . . Foster family homes . . . [and] (8) Administering foster care services.").

[4] *See* IND. CODE § 31-25-2-7(a) (Department of Child Services is responsible for "(1) Providing child protection services [and] (2) Providing and administering child abuse and neglect prevention services."); IND. CODE § 31-25-2-11(a) (Department of Child Services is "the primary public agency responsible for receiving, investigating or arranging for investigation, and coordinating the investigation of all reports of a child who may be a victim of known or suspected child abuse or neglect.").

11

complaint under 42 U.S.C. § 1983, and the court will dismiss those claims under Federal Rule of Civil Procedure 12(b)(1).

*C. State Claims*

Mr. Hetherington's claims against defendants Zembala, Pierce, and Washington under state law fare no better. Mr. Hetherington alleges violations of a non-existent Indiana Code section [§ 35-5-7] and of Indiana Code §§ 35-42-3-2, 35-42-3-4, 35-43-5-4, and 35-43-5-11, but his amended complaint contains no allegations establishing that any of those criminal statutes provide a private cause of action. Mr. Hetherington states that "at all times material" to the actions of which he complains, Stacey Zembala, LaShaunta Pierce, and Tammie Washington were "duly appointed, employed and acting Department [of] Child Services officers," and Indiana Code § 31-25-2-2.5 specifically provides that officers and employees of the Department of Child Services "are not personally liable . . . for an official act done or omitted in connection with performance of [their] duties." Mr. Hetherington hasn't presented any reason why the statute shouldn't be given its ordinary and plain meaning, *see* Citizens Action Coalition of Ind., Inc. v. Indiana Statewide Ass'n of Rural Elec. Cooperatives, Inc., 693 N.E.2d 1324, 1327 (Ind. Ct. App.1998) (stating that legislature is presumed to have intended its language be applied in a logical manner consistent with underlying goals and policy of statute), or why some exception would prevent this application of

12

immunity. Thus, defendants Zembala, Pierce, and Washington are immune from suit under Indiana law.

To the extent Mr. Hetherington is trying to claim some violation of the Indiana Constitution,[5] no private cause of action for damages for constitutional violations exists in Indiana. *See* <u>Cantrell v. Morris</u>, 849 N.E.2d 488, 493 (Ind. 2006) (recognizing that Indiana "has no statutory provision comparable to 42 U.S.C. § 1983 creating an explicit civil remedy for constitutional violations by either individual officers or governmental entities"). Mr. Hetherington's claims against defendants Zembala, Pierce, and Washington for violations of the Indiana Constitution are barred.

Because Mr. Hetherington isn't entitled to the relief he seeks against defendants Zembala, Pierce, and Washington, their motion to dismiss the state law claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) must be granted.

III. CONCLUSION

Based on the foregoing, the court

---

[5] *See* Amd. Compl., at 10 ("[D]efendants is obligated under the Indiana Constitution and the United States Constitution to insure that no families, parents, children, or citizens residing in the state of Indiana or in the United States are deprived of their life, liberty or property without due process of law.").

(a) DENIES the motion of plaintiff Malcolm Hetherington to add defendants and file a second amended complaint [docket # 68];

(b) GRANTS the motion for judgment on the pleadings of defendant Department of Child Services [docket # 57] pursuant to Federal Rule of Civil Procedure 12(b)(1); and

(c) GRANTS the motion to dismiss of defendants Stacy Zembala, LaShaunta Pierce, and Tammie Washington [docket # 58] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The claims of Mr. Hetherington's amended complaint against defendant Nicole Stone remain pending.

SO ORDERED.

ENTERED:   February 14, 2012


        /s/ Robert L. Miller, Jr.
        Judge, United States District Court

cc:   M. Hetherington
      L. Bowker/M. Branic